### GALVIN v. RYAN.

(Supreme Court, Special Term, Erie County. January, 1908.)

1. SHIPPING—RIGHTS OF PART OWNERS—RIGHT TO ACCOUNTING.

Plaintiff conveyed her one-third interest in a vessel to defendant, who owned the remaining two-thirds thereof, under an agreement by defendant to operate it, pay off an indebtedness against the vessel, and thereafter to reconvey to plaintiff a third interest therein; but defendant failed to pay the indebtedness or to reconvey one-third as agreed, and the vessel was damaged by fire, defendant receiving $15,000 insurance. *Held*, that plaintiff was entitled to an accounting.

2. SAME—JOINT OWNERSHIP IN PROPERTY.

Where plaintiff conveyed one-third of a vessel to defendant under an agreement by him to operate the vessel, pay an indebtedness thereon, and reconvey a third interest therein to plaintiff, they did not become cotenants on defendant's failure to pay the indebtedness, so that it will not be presumed that insurance money received by defendant on loss of the vessel represented only defendant's original two-thirds interest, and hence plaintiff is entitled to an accounting as to the insurance money as well as to the profits earned.

Action by Letitia J. Galvin against Thomas M. Ryan for an accounting. Demurrer to the complaint overruled, with leave to defendant to answer on payment of costs.

Charles C. Wood and J. H. Metcalf, for plaintiff.
Wm. Burnett Wright, for defendant.

BROWN, J. The complaint alleges that in March, 1897, the plaintiff, one Dennecker, and one Tyler were the owners of a certain vessel, each owning one-third thereof; that on that day Dennecker and Tyler sold to the defendant their two-thirds of said vessel; that on the same day plaintiff executed a conveyance of her one-third of said vessel to defendant, upon the agreement that defendant should operate

the same, out of the earnings thereof pay certain indebtedness against said vessel for which plaintiff was liable, and immediately reconvey to plaintiff one-third thereof; that defendant took possession of said one-third interest under said conveyance and agreement, operated said vessel from that time to the year 1903 at large profit, failed to pay the indebtedness, and failed to reconvey said one-third interest to plaintiff; that in 1904 said vessel was damaged by fire, the defendant receiving $15,000 insurance; and that the defendant has failed to account in any manner to plaintiff for the earnings of the vessel or for said insurance moneys, although the same has been duly demanded. Plaintiff demands an accounting. Defendant demurs to the complaint upon the ground that no cause of action is stated.

If it be true that defendant took possession of the vessel under an agreement to pay certain indebtedness out of the earnings and to deliver possession to plaintiff after the vessel had earned sufficient to pay such indebtedness, it must be that plaintiff has a right to the benefit of that agreement and to have that indebtedness paid out of the earnings of the vessel. The fact that defendant omitted to pay such indebtedness cannot relieve him from his liability to do as he agreed. Because he failed to pay does not restore plaintiff's title and make the parties co-tenants, so as to invoke the rule relative to contribution or accounting between co-tenants. The defendant having agreed to reconvey the vessel to plaintiff, and having procured its insurance and collected the insurance moneys on its destruction by fire, a court of equity will not listen to the claim that because he failed to pay the agreed indebtedness the parties ipso facto became co-tenants, and that it must be presumed that defendant insured only his two-thirds interest, and consequently plaintiff has no claim on the insurance money. Equity would more than likely compel the adoption of the rule that the defendant, having agreed to deliver possession of the vessel to plaintiff and having received $15,000 insurance on it, is estopped from saying that the insurance money represents only the interest in the vessel acquired from Dennecker and Tyler, and does not represent the interest which the defendant agreed to convey and deliver to plaintiff. I think a cause of action for an accounting is stated in the complaint.

Demurrer overruled, with leave to the defendant to answer on payment of costs, to be taxed.